**UNITED STATES of America**

v.

**Thomas H. ALLEN, Appellant.**

**No. 89–3095.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 6, 1990.

Decided March 20, 1990.

Christopher W. Hall (appointed by this court), for appellant.

Norman C. Bay, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John R. Fisher, Elizabeth Trosman, Washington, D.C., and Judith E. Retchin, Asst. U.S. Attys., were on the brief, for appellee.

Before RUTH BADER GINSBURG, SILBERMAN and SENTELLE, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

This appeal concerns the appropriate method for departure from the Sentencing Guidelines when the district court determines that a defendant's criminal history score inadequately accounts for the gravity of his past conduct. We hold, in keeping with precedent prevailing in other circuits, that the sentencing judge must consider upward adjustment to a higher criminal history category before imposing a sentence that moves beyond the Guidelines categories.

## I.

An indictment filed September 15, 1988 charged appellant Thomas H. Allen with the twin felonies of forging an endorsement on, and then uttering, a United States Treasury check. *See* 18 U.S.C. § 510(a)(1), (2). Pursuant to a plea agreement, on November 3, 1988, Allen pled guilty to misdemeanor versions of the same forging and uttering offenses. *See* 18 U.S.C. § 510(c). The presentence report placed Allen in criminal history category V, one level below the highest category of VI. Allen's total offense level of five, combined with criminal history category V, indicated a sentencing range of six to twelve months for each count. Guidelines § 5A (Sentencing Table). Under the Guidelines, the sentences would have run concurrently. *Id.* § 5G1.2(b).

Had the district judge gone to the highest criminal history level, category VI, the concurrent sentence range for the two offenses would have been nine to fifteen months. Guidelines § 5A (Sentencing Table). Instead, however, at the June 1, 1989 sentencing hearing, the district judge sentenced Allen to consecutive terms of one year on each count plus a year of supervised release, the maximum sentence possible under the statute. The judge imposed the two-year prison sentence because he found the presentence report "extraordinary"; specifically, the judge commented that he did not recall "ever see[ing] anybody get in so much trouble and serve so little time." Transcript at 6. Documenting the point, the judge read into the record two paragraphs from the presentence report reciting Allen's prior encounters with the criminal justice system. In this appeal, Allen's sole contention is that the district court "erred in how [it] departed from the sentencing guidelines range." Brief for Appellant at 9.

## II.

Recognizing that particular cases may present circumstances not adequately taken into consideration by the Sentencing Commission, the Sentencing Reform Act of 1984 permits the district court to select a sentence outside the Guidelines. 18 U.S.C. § 3553(b). Thus, a court may depart from the Guidelines "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct." Guidelines § 4A1.3 (Policy Statement). But in deference to the Commission's mission and labors, the sentencing court contemplating departure on the basis of criminal history must first assure itself that the sentencing ranges specified in the Guidelines are indeed inadequate. This assurance entails three checks.

First, the court, with assistance from the probation officer and counsel, should make certain that the presentence report identifies the correct levels or categories. Second, the court should ascertain whether adjustment within the Guidelines is adequate. As the Sentencing Commission instructed, before moving outside the Guidelines, the court should

> use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable. For example, if the court concludes that the defendant's criminal history category of III significantly under-represents the seriousness of the defendant's criminal history, and that the seriousness of the defendant's criminal history most closely resembles that of most defendants with a category IV criminal history, the court should look to the guideline range specified for a defendant with a category IV criminal history to guide its departure.

*Id.*

Finally, if the court determines that even the highest criminal history level—category VI—yields an inadequate sentence, the court should state definitively its reasons for that determination. *Id.* (sentence above the maximum indicated range may be warranted if category VI inadequately reflects an "egregious, serious criminal record"); *see, e.g., United States v. Joan*, 883 F.2d 491, 495–96 (6th Cir.1989) (upon finding the defendant's criminal history "sufficiently unusual," the district judge may impose a sentence exceeding category VI range). Remand is in order when the checks just