United States Court of Appeals,

Eleventh Circuit.

No. 97-2013

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Miguel OROZCO, Jr., a.k.a. Pato, Defendant-Appellant.

Sept. 9, 1997.

Appeal from the United States District Court for the Middle District of Florida. (No. 96-88-CT-T-25(B), Henry Lee Adams, Jr., Judge.

Before BIRCH and CARNES, Circuit Judges, and CLARK, Senior Circuit Judge.

PER CURIAM:

Miguel Orozco, Jr., appeals his sentence of 120 months' imprisonment for conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. § 846. The district court sentenced Orozco to the statutory mandatory minimum term of incarceration. At sentencing, the district court overruled Orozco's argument that the court had the authority to apply the "safety-valve" provision of 18 U.S.C. § 3553(f) and impose a sentence below the mandatory minimum because the district court had granted a downward departure in his criminal history category that placed him in Category I. We hold that a defendant is not eligible for the safety-valve provision if the defendant's criminal history category is Category I because of a downward departure when the defendant had more than one criminal history point, and affirm Orozco's sentence.

I.

From at least 1993 until March 1996, Miguel Orozco, Jr. and his father, Miguel Orozco, distributed marijuana in the Tucson, Arizona area. As part of their distribution, they provided marijuana on numerous occasions to be transported to Florida for further distribution by various individuals. One of those individuals who purchased marijuana and arranged for its transportation, Rick Johnson, was arrested in 1995. Johnson identified the Orozcos as the source of his supply, and introduced an undercover agent to the Orozcos. The undercover agent had conversations with the

Orozcos about purchasing marijuana, and on March 7, 1996, Orozco delivered approximately 185 pounds of marijuana to an undercover agent in Tucson, Arizona.

Orozco subsequently pled guilty to one count of conspiracy to possess with intent to distribute 1,000 or more kilograms of marijuana. That count carries a mandatory minimum sentence of 120 months' imprisonment and a maximum sentence of life imprisonment.

Orozco's criminal history included a conviction for domestic violence in Tucson, for which he had received a sentence of 12 months' unsupervised probation. Orozco was serving that sentence of probation at the time of his arrest for the present offense. Pursuant to the United States Sentencing Guidelines (U.S.S.G.) § 4A1.1(c), Orozco received one criminal history point for the conviction, and pursuant to § 4A1.1(d), he received two points because he was on probation at the time of the new offense, resulting in a total of three points, which placed him in criminal history Category II.

At sentencing, the district court granted Orozco a downward departure to criminal history category I pursuant to U.S.S.G. § 4A1.3, finding that Orozco's criminal history was overstated. The district court also granted him a two-level reduction for minor role in the offense, which lowered his total offense level from 31 to 29, resulting in a guidelines range of imprisonment from 87 to 108 months. Orozco argued that the safety-valve provision of 18 U.S.C. § 3553(f) was applicable because of the downward departure to criminal history Category I, but the court found that the safety-valve provision did not apply because Orozco still had three criminal history points. The district court stated that it did not have the authority to sentence Orozco below the minimum mandatory because the departure did not remove the three criminal history points.

II.

Orozco argues that the district court erred in sentencing him to the statutory mandatory minimum sentence without applying the safety-valve provision of 18 U.S.C. § 3553(f)(1) after the district court granted his request for a downward departure to criminal history Category I. In

2

guidelines cases, we review the district court's interpretation of the guidelines *de novo*. *United States v. Pompey,* 17 F.3d 351, 353 (11th Cir.1994).

Under the sentencing guidelines, criminal history points are assigned for prior criminal convictions.[1] The total criminal history points determine a defendant's criminal history category, which combined with criminal offense level, determines the range of the sentence that the district court can impose.[2] A district court is permitted to depart downward from the criminal history category if the category "significantly over-represents the seriousness of a defendant's criminal history."[3]

U.S.S.G. § 5G1.1(b) instructs the district court to impose the statutorily required minimum sentence when the mandatory minimum is greater than the maximum of the applicable guideline range. The safety-valve provision permits a district court to apply a guideline range that is below the statutory minimum mandatory sentence under certain specified circumstances.[4] In order to depart from the mandatory minimum sentence of 21 U.S.C. § 841, the district court must find, *inter alia,* that "the defendant does not have more than one criminal history point, as determined under the sentencing guidelines."[5] The Application Notes to this section interpret this passage to mean "more than one criminal history point as determined under § 4A1.1."[6]

Orozco argues that U.S.S.G. § 5C1.2 is not a departure provision, but regulates adjustments made within the framework of the guidelines. This argument is specious and irrelevant. The plain language of the relevant guideline and the statute both say that in order to be eligible for the

---

[1]U.S.S.G. §§ 4A1.1, 4A1.2.

[2]U.S.S.G. Ch. 5 Pt. A.

[3]U.S.S.G. § 4A1.3.

[4]18 U.S.C. § 3553(f)(1).

[5]*Id.*

[6]U.S.S.G. § 5C1.2, comment. (n.1).

safety-valve provision, a defendant cannot have "more than 1 criminal history point."[7]  Neither speaks about the criminal history category.  When the terms of a statute are "unambiguous, judicial inquiry is complete except in rare and exceptional circumstances."[8]  There is no need to look beyond the plain language of the statute and the guideline, and we hold that when a defendant has more than one criminal history point, the safety-valve provision is unavailable for application to that defendant, even though the defendant's criminal history category is Category I.[9]

AFFIRMED.

---

[7]*See* U.S.S.G. § 5C1.2(1), 18 U.S.C. 3553(f)(1).

[8]*Demarest v. Manspeaker,* 498 U.S. 184, 190, 111 S.Ct. 599, 604, 112 L.Ed.2d 608 (1991).

[9]Two other circuits have examined this issue, and both have reached the same conclusion. *See United States v. Valencia-Andrade,* 72 F.3d 770, 773-74 (9th Cir.1995);  *United States v. Resto,* 74 F.3d 22, 27 (2d Cir.1996).