**UNITED STATES of America, Appellant,**

v.

**Dennis ROBINSON, Appellee.**

No. 98–3002.

United States Court of Appeals,
District of Columbia Circuit.

Argued Sept. 2, 1998.

Decided Oct. 6, 1998

William F. Gould, Assistant United States Attorney, argued the cause for appellant, with whom Wilma A. Lewis, United States Attorney, John R. Fisher and Mary-Patrice Brown, Assistant United States Attorneys, were on the briefs. Thomas J. Tourish, Jr., Assistant United States Attorney, entered an appearance.

Gerald I. Fisher, appointed by the Court, argued the cause and filed the brief for appellee.

Before: WALD, WILLIAMS and TATEL, Circuit Judges.

PER CURIAM:

Dennis Robinson pleaded guilty to distributing 60 grams of crack cocaine, an offense

which carries a mandatory minimum sentence of 120 months. The district court found that Robinson was eligible for reduced sentencing under the "safety valve" provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, which allows a certain class of defendants to be sentenced below the mandatory minimum otherwise applicable. Finding Robinson eligible for this provision, the district court sentenced him to a term of 70 months imprisonment. The government appeals this sentence, arguing that a defendant may not be sentenced under the "safety valve" provision when that defendant has more than 1 criminal history point as calculated under U.S.S.G. § 4A1.1, and that, because Robinson had 3 criminal history points as so calculated, the court was without authority to sentence him under the "safety valve." We agree with the government and, accordingly, remand for resentencing in accordance with the mandatory minimum of 120 months.

## I. BACKGROUND

Robinson was indicted in two counts for the unlawful distribution of cocaine base (count one) within 1,000 feet of a school (count two) for having distributed 60 grams of crack cocaine to an undercover police officer on April 10, 1996. On June 6, 1997, Robinson pleaded guilty to count one, the distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), an offense carrying a mandatory minimum sentence of 120 months.[1]

On July 17, 1997, the United States Probation Office ("Probation Office") issued a Pre-sentence Investigation Report ("PSR"), which calculated Robinson's federal sentencing guidelines total offense level as 29,[2] and which accorded him two criminal history points, placing him in criminal history category II.[3] The PSR's determination of criminal history points was based upon Robinson's September 1994 Superior Court conviction for contempt of court for violating a condition of pretrial release and his January 1995 Superior Court conviction for possession of heroin. Pursuant to U.S.S.G. § 4A1.1(c), the PSR assigned Robinson one criminal history point for each of these offenses. Based on these calculations, the PSR concluded that the appropriate sentencing range for appellee was 97–121 months; however, because the offense carried a mandatory minimum, the sentencing range was effectively limited to 120–121 months.

Robinson appeared for sentencing on August 7, 1997; at that time, the district court noted that the PSR had incorrectly counted Robinson's 1994 conviction for contempt in calculating the criminal history score and thus that Robinson had only one criminal history point.[4] On the basis of its understanding that appellee had only one criminal history point, the court suggested to the parties that appellee's sentence might be covered by the "safety valve" provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.[5] Accordingly, the district court postponed the sentencing so that the parties could explore this "safety valve" option and so that appellee could be debriefed by the government.[6]

---

1. Count two was dismissed pursuant to a plea agreement with the government.

2. This calculation was based upon a base offense level of 32, see U.S.S.G. § 2D1.1(a)(4), minus a three level downward adjustment for timely acceptance of responsibility under U.S.S.G. § 3E1.1(a).

3. The number of criminal history points assigned to a defendant determines her criminal history category. See U.S.S.G. Ch. 5,Pt. A. For example, 0 or 1 points places a defendant in category I; 2 or 3 in category II; 4, 5, or 6 in category III, and so forth.

4. The conviction should not have been counted because it was a misdemeanor which resulted in imprisonment for fewer than 30 days. See U.S.S.G. § 4A1.2(c)(1).

5. The "safety valve" provision provides that a court may sentence a defendant below the statutory mandatory minimum if the court finds that the statute's five criteria are met. One of these criteria is that "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1) and U.S.S.G. § 5C1.2(1).

6. This debriefing was necessary in order for appellee to meet criterion 5 of the "safety valve" provision, which requires a defendant truthfully to provide the government with any information he has surrounding the offense. See 18 U.S.C. § 3553(f)(5). Appellee was in fact debriefed on September 10, 1997 by a Federal Bureau of Investigation agent and provided information to the satisfaction of this agent.

Subsequent to the August 7, 1997 sentencing hearing, the Probation Office determined that the PSR was incorrect with respect to the length of probation appellee had received for his 1995 conviction for heroin possession: while the PSR indicated that appellee's probation had terminated in February 1996, the Probation Office determined that appellee's probation had not in fact terminated until January 1997, meaning that appellee was on probation when he committed the instant offense of April 10, 1996. This determination required the addition of two criminal history points to appellee's criminal history score pursuant to U.S.S.G. § 4A1.1(d), which changed appellee's criminal history score from one to three and his criminal history category from I to II.[7] After learning of this change in appellee's PSR, the district court requested that the parties brief the issue of whether there was any way that appellee might still be eligible to be sentenced under the "safety valve" provision, notwithstanding the fact that he had three criminal history points.

On December 5, 1997, the district court issued an opinion sentencing appellee below the mandatory minimum. In considering appellee's sentence, the court determined that appellee's criminal history category significantly over-represented the seriousness of his criminal history.[8] Pursuant to its discretion under U.S.S.G. § 4A1.3, the court therefore adjusted appellee's criminal history downward from category II to category I. The district court then found that the change in the criminal history category allowed for a concomitant reduction in appellee's criminal history points, that is, from 3 to 0–1. Under this analysis, the court found that appellee had no "more than 1 criminal history point" as required under 18 U.S.C. § 3553(f)(1) and

U.S.S.G. § 5C1.2(1), and was therefore eligible to be sentenced below the mandatory minimum of 120 months.

## II. DISCUSSION

■ The standard of review of the district court's decision is *de novo. United States v. Gaviria,* 116 F.3d 1498, 1518 (D.C.Cir.1997) ("Legal questions relating to sentencing are reviewed *de novo.*").

The so-called "safety valve" provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 allows a sentencing court not to impose certain mandatory minimums if all of that section's five listed criteria are met. Criterion one requires that "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1); U.S.S.G. § 5C1.2(1). In finding appellee eligible for the "safety valve" notwithstanding his three criminal history points, the district court reasoned that because criminal history points are used to determine the criminal history category, if a court departs downward in the criminal history category under U.S.S.G. § 4A1.3, the court is also authorized to subtract criminal history points under U.S.S.G. § 4A1.1 in order to bring the category and the points back into alignment: "Accordingly, the Court concludes that the Section 4A1.3 downward departure leads to a corresponding adjustment in the number of criminal history points and that the adjusted number of criminal history points is the relevant number of points for determining the defendant's safety valve eligibility." *United States v. Robinson,* 991 F.Supp. 1, 4 (D.D.C.1997).

However, Application Note 1 to U.S.S.G. § 5C1.2 makes clear that, " '[m]ore than 1 criminal history point, as determined under

---

7. U.S.S.G. § 4A1.1(d) requires the addition of 2 criminal history points if a defendant commits an offense while under any criminal justice sentence, including probation.

8. The district court noted that, outside of his contempt conviction, appellee's sole prior conviction was a misdemeanor simple possession of heroin conviction at the age of nineteen. *See United States v. Robinson,* 991 F.Supp. 1 (D.D.C. 1997). The court noted as well that both the PSR and several letters submitted to the court indicated that the arrest for possession of heroin

took place shortly after the death of appellee's father from AIDS, and that prior to his father's death, appellee had been "respectful, family-oriented and law-abiding." *Id.* at 3. Finally, the court noted that in the time period after the commission of the offense but prior to his arrest (the government waited nearly a year to arrest him), appellee had demonstrated responsibility by helping to care for his younger sister and his girlfriend's daughter and that he had made efforts to correct his anti-social behavior. *See id.*

the sentencing guidelines,' as used in subdivision (1), means more than one criminal history point as determined under § 4A1.1...." There is simply nothing in the statute or applicable guideline to suggest that U.S.S.G. § 4A1.3 has any play in the determination of whether a defendant is eligible to be sentenced under the "safety valve." And while U.S.S.G. § 4A1.3 affords a sentencing court discretion to determine whether a criminal history category accurately reflects a defendant's criminal history, nothing in U.S.S.G. § 4A1.1 suggests that the sentencing court has any discretion with respect to the calculation of a defendant's criminal history score: Section 4A1.1 is a mechanistic provision which merely instructs the sentencing court to add points for various carefully-defined criminal history occurrences.

Thus the plain language of the statute and relevant guideline clearly provide that a court may not sentence a defendant under the "safety valve" provision when that defendant has more than 1 criminal history point as calculated under U.S.S.G. § 4A1.1—regardless of whatever downward departure a court might grant under U.S.S.G. § 4A1.3. The courts of appeals which have considered this issue are uniform on this point: a defendant who has more than 1 criminal history point cannot be sentenced under the "safety valve" provision. *See United States v. Orozco,* 121 F.3d 628 (11th Cir.1997); *United States v. Resto,* 74 F.3d 22 (2d Cir.1996); *United States v. Valencia–Andrade,* 72 F.3d 770 (9th Cir.1995).

We sympathize with the district court's desire under the facts of this case to sentence appellee below the mandatory minimum; we must, nevertheless, remand the case with instructions to resentence appellee in accordance with the mandatory minimum of 120 months.

*So ordered.*