**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 27 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DONALD TED OWENSBY,

      Defendant-Appellant.

No. 99-2009

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. CR No. 97-648 LH)**

Submitted on the briefs:[*]

Francisco Mario Ortiz, Las Cruces, New Mexico, for Defendant-Appellant.

John J. Kelly, United States Attorney, and Peter M. Ossorio, Supervisory Assistant United States Attorney, Las Cruces, New Mexico, for Plaintiff-Appellee.

Before **BRORBY EBEL** and **LUCERO**, Circuit Judges.

**EBEL**, Circuit Judge.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause therefore is ordered submitted without oral argument.

This appeal presents us with the issue of whether a sentencing court's departure to a lower criminal history category under U.S.S.G. § 4A1.3 may render a defendant eligible for the "safety valve" exception under 18 U.S.C. § 3553(f)(1) and U.S.S.G. § 5C1.2(1) to an otherwise mandatory minimum sentence. We join six other circuits in concluding that it may not.

**FACTS**

On March 3, 1998, defendant-appellant Donald Ted Owensby pled guilty to conspiracy to possess with intent to distribute over 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and to aiding and abetting, in violation of 18 U.S.C. § 2. Owensby's presentence report ("PSR") calculated an offense level of 21 and assigned Owensby four criminal history points -- two points for two previous DWI convictions from North Carolina, see U.S.S.G. § 4A1.1(c), and two additional points because the federal drug offense to which he was pleading guilty was committed while he was on probation for the North Carolina offense, see U.S.S.G. § 4A1.1(d).

Under the Sentencing Guidelines, Owensby's four criminal history points placed him in criminal history category III. Owensby's combined offense level and criminal history category resulted in a guideline range of 46 to 57 months. However, the PSR concluded that Owensby was subject to a five-year mandatory

minimum sentence under 21 U.S.C. § 841(b)(1)(B).  The PSR further concluded that Owensby was ineligible for the "safety valve" provision under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 (which would have permitted him to avoid the mandatory minimum) because that provision is inapplicable where a defendant has more than one criminal history point.

At sentencing, the district court agreed with Owensby that his four criminal history points for the two DWI offenses overrepresented his criminal history, and therefore the court reduced his criminal history category to II.  The court noted that it would have reduced Owenby's criminal history category to I if it thereby could have avoided the mandatory minimum.  However, the court concluded that it lacked the authority to depart below the mandatory minimum, and therefore sentenced Owensby accordingly.

Owensby now appeals, contending that he should have been eligible for the safety valve provision based on his reduced criminal history category.

## DISCUSSION

We review the district court's legal interpretations of the Sentencing Guidelines de novo.  See United States v. Wilkinson, 169 F.3d 1236, 1237 (10th Cir. 1999).

The "safety valve" provision under the Sentencing Guidelines provides in relevant part:

## Limitation on Applicability of Statutory Minimum Sentences in Certain Cases

In the case of an offense under 21 U.S.C. § 841, . . . [or] § 846, . . . the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth verbatim below:

> (1) the defendant does not have more than 1 criminal history point, as determined under [§ 4A1.1 of the] sentencing guidelines; . . . .

U.S.S.G. § 5C1.2; see also id. comment. (n.1).[1]  Section 4A1.1 sets forth various factors to be considered in assessing a defendant's criminal history points.  A defendant's criminal history point total places the defendant in a particular criminal history category for purposes of sentencing.

However, under U.S.S.G. § 4A1.3, the Guidelines provide that:

> [i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.

Subsection 4A1.3(e) further provides:

> The court may conclude that the defendant's criminal history was significantly less serious than that of most defendants in the same criminal history category . . ., and therefore consider a downward departure from the guidelines.

---

[1]The parties do not dispute that Owensby met the remaining requirements of § 3553(f).

In considering a departure under this provision, the Commission intends that the court use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable.

Thus, although a defendant's criminal history points are determined under § 4A1.1, a court may depart from the applicable guideline range if it determines that the resulting criminal history category overstates (or understates) the seriousness of a defendant's criminal history.

Owensby acknowledges that under the safety valve provision of § 5C1.2, a defendant may not avoid a statutory minimum if the defendant has more than one criminal history point. Owens argues, however, that where a sentencing court determines that a defendant's criminal history is overrepresented and therefore reduces the defendant's criminal history category under § 4A1.3, the court, in effect, reduces the number of criminal history points to be attributed to the defendant for sentencing. In other words, Owensby contends that a defendant should be sentenced as though his criminal history points were the same as other defendants in the reduced category. Here, the district court stated that it would have reduced Owensby's criminal history category to I if doing so would have triggered the safety valve provision and permitted the court to sentence Owensby below the mandatory minimum. Owensby argues that, under a reduced criminal history category of I, he should have been eligible for the safety valve provision,

because persons in criminal history category I have, by definition, only 0 or 1 criminal history point(s).

Even assuming that the district court had in fact reduced Owensby's criminal history category to I, we reject Owensby's argument that a defendant's eligibility for the safety valve provision may be based on a defendant's reduced criminal history category as determined by the sentencing court under § 4A1.3.

Section 4A1.3 permits a court to "impos[e] a sentence departing from the otherwise applicable guideline range." Section 4A1.3 does not authorize a court to add or subtract individual criminal history points from a defendant's record; rather, it permits the sentencing court, when departing from the otherwise applicable guideline range, to "use, as a reference, the guideline range for a defendant with a higher or lower criminal history category, as applicable."

In addition, the commentary to the safety valve provision under § 5C1.2 clearly states that the provision's reference to "more than 1 criminal history point" means criminal history points "as determined under § 4A1.1." U.S.S.G. § 4A1.3 comment. (n.1). As noted above, under § 4A1.1, points are assessed based on objective factors related to a defendant's prior criminal record. A court may subsequently determine under § 4A1.3 that a defendant's criminal history point total (and thus his corresponding criminal history category) overstates the seriousness of his criminal history, and may consequently depart downward from

the applicable guideline range to impose a sentence consistent with a range reflecting a more appropriate criminal history category. That fact, however, does not alter the original assessment of the defendant's criminal history points.

In reaching this determination, we join several circuits that have addressed this issue and arrived at the same conclusion. See United States v. Robinson, 158 F.3d 1291, 1294 (D.C. Cir. 1998), cert. denied, 119 S. Ct. 1155 (1999)[2]; United States v. Orozco, 121 F.3d 628, 630 (11th Cir. 1997); United States v. Ward, No. 95-5967, 1996 WL 531017, at **1 (4th Cir. Sept. 19, 1996) (unpublished); United States v. Moog, Nos. 95-3389, 95-3417, 95-4184, 1996 WL 431343, at **1 (8th Cir. Aug. 2, 1996) (unpublished); United States v. Resto, 74 F.3d 22, 28 (2d Cir. 1996); United States v. Valencia-Andrade, 72 F.3d 770, 774 (9th Cir. 1995). We also reaffirm our conclusion in a recent unpublished decision by this court addressing this issue. See United States v. Sierra Robles, No. 98-1327, 1999 WL 535294 (10th Cir. July 26, 1999) (unpublished).

In short, we agree that, "while U.S.S.G. § 4A1.3 affords a sentencing court discretion to determine whether a criminal history category accurately reflects a

---

[2]We note that Owensby relies on United States v. Robinson, 991 F. Supp. 1, 4 (D. D.C. 1997), the one district court decision reaching a contrary conclusion. However, on appeal, the D.C. Circuit disagreed with the district court's reasoning, and remanded with instructions to resentence Robinson to the statutory minimum sentence. See United States v. Robinson, 158 F.3d 1291, 1294 (D.C. Cir. 1998).

defendant's criminal history, nothing in U.S.S.G. § 4A1.1 suggests that the sentencing court has any discretion with respect to the calculation of a defendant's criminal history score: Section 4A1.1 is a mechanistic provision which merely instructs the sentencing court to add points for various carefully-defined criminal history occurrences."  Robinson, 158 F.3d at 1294.

The district court in this case correctly determined that Owensby's four criminal history points assessed under § 4A1.1 rendered him ineligible for the safety valve provision under § 5C1.2 and § 3553(f).  AFFIRMED.