# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 21, 2012

Lyle W. Cayce
Clerk

No. 11-30390

UNITED STATES OF AMERICA,

Plaintiff - Appellant

v.

PABLO SOLIS,

Defendant-Appellee

Appeal from the United States District Court
of the Eastern District of Louisiana

Before BENAVIDES, STEWART and GRAVES, Circuit Judges.

CARL E. STEWART, Circuit Judge:

The Government appeals the district court's sentence of Pablo Solis below the mandatory minimum sentence for his offense pursuant to the safety valve. As we conclude that Solis is ineligible for the safety valve, we REVERSE.

## I.

On November 18, 2010, Solis pleaded guilty to one count of conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine hydrochloride. The factual basis for his plea agreement described his involvement with a drug conspiracy which trafficked in cocaine hydrochloride

No. 11-30390

and profited considerably, resulting in Solis's arrest on October 22, 2003, while a passenger in a pickup truck trailing a tractor trailer, in which police officers discovered $837,000 in a hidden compartment.

Solis's sentencing hearing was set for March 24, 2011. Pursuant to his conviction under 21 U.S.C. § 841(b)(1)(A), Solis faced a statutory mandatory minimum sentence of 10 years' imprisonment. Prior to the sentencing hearing, both Solis and the Government filed briefs regarding his eligibility for the safety valve, pursuant to which an eligible defendant may be sentenced within his guideline range without consideration of a mandatory minimum sentence. The Presentence Investigation Report ("PSR") concluded that Solis was not eligible for the safety valve because he had more than one criminal history point.

At sentencing, the district court applied the 2002 Edition of the United States Sentencing Guidelines Manual. Pursuant to U.S.S.G. § 4A1.3, the district court did not assess two criminal history points for Solis's prior convictions in 1991 and 1992 for possession of small quantities of marijuana, as it determined that the inclusion of those convictions would significantly overstate the seriousness of his past criminal conduct. The district court reasoned that the 2002 guidelines were ambiguous with respect to whether downward departures pursuant to § 4A1.3 were to be considered for purposes of evaluating safety valve eligibility. Therefore, as Solis no longer had more than one criminal history point, the district court ruled that lenity required Solis be sentenced pursuant to the safety valve provision, within his guideline range and without regard to his statutory mandatory minimum sentence. Accordingly, Solis was sentenced to 60 months' imprisonment. The Government appealed.

## II.

We review a district court's interpretation and application of the sentencing guidelines de novo and its factual findings for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

No. 11-30390

### III.

The Government has raised two arguments in opposition to Solis's sentence below the mandatory minimum sentence pursuant to the safety valve. First, the Government argues that, although the district court applied the 2002 Edition of the United States Sentencing Guidelines Manual,[1] the district court should have considered the subsequently enacted U.S.S.G. § 4A1.3(b)(3)(B), which requires that downward departures in criminal history are not to be considered when evaluating safety valve eligibility, as it argues that § 4A1.3(b)(3)(B) is part of a clarifying amendment. In the alternative, the Government argues that the 2002 Edition of the Guidelines Manual is clear that defendants with more than one criminal history point prior to downward departure in criminal history are ineligible for the safety valve. These matters will be discussed in turn.

### A.

Under the sentencing guidelines, courts are required to consider subsequent amendments "to the extent that such amendments are clarifying rather than substantive changes." U.S.S.G. § 1B1.11(b)(2). "Amendments to the guidelines and their commentary intended only to *clarify*, rather than effect substantive changes, may be considered even if not effective at the time of the commission of the offense or at the time of sentencing." *United States v. Anderson*, 5 F.3d 795, 802 (5th Cir. 1993) (citing § 1B1.11(b)(2)).

Most of the cases in this circuit interpreting this provision have dealt with

---

[1] Pursuant to U.S.S.G. §§ 1B1.11(a) and 1B1.11(b)(1), a district court should apply the edition of the Guidelines Manual in effect on the date the defendant is sentenced, unless the application of such Guideline Manual would violate the ex post facto clause of the Constitution, in which event, the Guidelines in effect on the date of the offense should be used. *United States v. Armstead*, 114 F.3d 504, 507 (5th Cir. 1997). The Government has not appealed the application of the 2002 Edition of the Guidelines Manual.

whether this court should apply on appeal a guideline amendment which did not become effective until after a defendant's initial sentencing. "Where we have done this we have generally pointed to express language on the part of the Commission that the amendment is a clarifying one." *United States v. Huff*, 370 F.3d 454, 466 (5th Cir. 2004). "We have held that the failure of the Commission to state that a postsentencing amendment is intended to be clarifying is evidence that it is substantive and hence inapplicable." *Id.* "That the amendment is not listed in U.S.S.G. § 1B1.10(c) as being retroactively applicable may be an indication that it is substantive." *Id.* "That an amendment alters the language of commentary to a guideline rather than the language of the guideline itself may be some indication that it is not substantive." *Id.* A statement that an amendment addresses a circuit conflict indicates that it is substantive. *United States v. Davidson*, 283 F.3d 681, 684 (5th Cir. 2002).

Title 18 United States Code § 3553(f), also known as the safety valve, provides that a district court "shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission . . . without regard to any statutory minimum sentence, if the court finds at sentencing" that a defendant meets certain listed criteria. 18 U.S.C. § 3553(f). One prerequisite for safety valve eligibility is that "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines[.]" 18 U.S.C. § 3553(f)(1).

U.S.S.G. § 5C1.2 is the safety valve's companion sentencing guideline provision. In the November 1, 2002 Edition of the Guidelines Manual, § 5C1.2(a)(1) restates 18 U.S.C. § 3553(f)(1) verbatim. Application Note 1 for the 2002 version of § 5C1.2 explains that "'[m]ore than 1 criminal history point, as determined under the sentencing guidelines,' as used in subsection (a)(1), means more than one criminal history point as determined under § 4A1.1 (Criminal History Category)." U.S.S.G. § 5C1.2, comment. (n.1) (2002). U.S.S.G. § 4A1.1

No. 11-30390

provides the manner in which a defendant's criminal history points are to be calculated in order to determine the appropriate criminal history category.

In the November 1, 2002 Edition of the Guidelines Manual, § 4A1.3 provides:

> If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.

U.S.S.G. § 4A1.3 (2002).

Amendment 651 to the Guidelines Manual, effective November 1, 2003, altered these provisions in several respects. First, § 5C1.2(a)(1) now states, as a criterion for safety valve eligibility, "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of § 4A1.3 (Departures Based on Inadequacy of Criminal History Category)[.]" U.S.S.G. § 5C1.2(a)(1). Application Note 1 explains that "'[m]ore than 1 criminal history point, as determined under the sentencing guidelines,' as used in subsection (a)(1), means more than one criminal history point as determined under § 4A1.1 (Criminal History Category) before application of subsection (b) of § 4A1.3 (Departures Based on Inadequacy of Criminal History Category)." U.S.S.G. § 5C1.2, comment. (n.1).

Amendment 651 created subsection (b) of § 4A1.3, which separately addresses downward departures under this guideline, providing that "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." U.S.S.G. § 4A1.3(b)(1). Subsection (b) further provides:

> A defendant whose criminal history category is Category I after receipt of a downward departure under this subsection does not

meet the criterion of subsection (a)(1) of § 5C1.2 (Limitation on Applicability of Statutory Maximum Sentences in Certain Cases) if, before receipt of the downward departure, the defendant had more than one criminal history point under § 4A1.1 (Criminal History Category).

U.S.S.G. § 4A1.3(b)(3)(B).

Amendment 651 is a comprehensive eight-part amendment comprising modifications to or implementations of thirteen distinct sentencing guideline sections. Its "Reason for Amendment" explains that the purpose of the amendment was to substantially reduce the number of downward sentencing departures:

> The Commission anticipates that this amendment will substantially reduce the incidence of downward departures by prohibiting several factors as grounds for departure, restricting the availability of certain departures, clarifying when certain departures are appropriate, and limiting the extent of departure permissible for certain offenders. The amendment also reduces the incidence of downward departures generally by restructuring departure provisions throughout the Guidelines Manual to track more closely [] the statutory criteria for imposing a sentence outside the guideline sentencing range . . . .

U.S.S.G. App. C., Vol. II, Amend. 651 at 361. The Reason for Amendment further explains that, as a result of the changes referenced above, "a departure to Category I cannot qualify an otherwise ineligible defendant for relief from the applicable mandatory minimum sentence under § 5C1.2, which is consistent with case law." *Id.* at 365.

The retroactive applicability of Amendment 651's revisions, pursuant to § 1B1.11(b)(2), is an issue of first impression in this circuit.[2] The Sentencing Commission did not expressly state that Amendment 651 is a clarifying

---

[2] Two of our sister circuits have previously decided, when analyzing another provision of Amendment 651, the definition of the term "departure" in the Commentary to U.S.S.G. § 1B1.1, that Amendment 651 is not retroactively applicable. *See United States v. Munn*, 595 F.3d 183 (4th Cir. 2010); *United States v. Fleming*, 617 F.3d 252 (3d Cir. 2010).

amendment, and Amendment 651 is not listed in U.S.S.G. § 1B1.10(c) as being retroactively applicable. Additionally, Amendment 651 not only altered the language of the relevant guidelines' commentary, but also made substantial textual revisions to the guidelines themselves. Thus, according to our precedents, Amendment 651 is a substantive, rather than a clarifying, amendment.

In support of its argument that Amendment 651 is clarifying, the Government relies solely on the phrase in Amendment 651's Reason for Amendment that the collective effect of certain of Amendment 651's many revisions, explicating that downward departures pursuant to § 4A1.3 are not to be considered when evaluating a defendant's eligibility for the safety valve, is "consistent with case law." Although this statement reflects that Amendment 651's changes do not address a conflict in the existing law, it does not amount to an express acknowledgment that the amendment is clarifying, which our cases generally require. Accordingly, we conclude that Amendment 651 is not a clarifying amendment.

## B.

Having determined that Amendment 651 is not a clarifying amendment, we must now decide whether the 2002 United States Sentencing Guidelines Manual is ambiguous with respect to whether downward departures in criminal history may be considered when evaluating safety valve eligibility.

"A statute is ambiguous if it is susceptible to more than one reasonable interpretation or more than one accepted meaning." *In re Condor Ins. Ltd.*, 601 F.3d 319, 321 (5th Cir. 2010). "The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." *United States v. Santos*, 553 U.S. 507, 514 (2008).

As expressed above, 18 U.S.C. § 3553(f) requires that, in order to be eligible for the safety valve, "the defendant does not have more than 1 criminal

history point, as determined under the sentencing guidelines[.]" 18 U.S.C. § 3553(f)(1).  The 2002 version of § 5C1.2(a)(1) repeats this requirement verbatim.  However, its commentary notes state that § 5C1.2(a)(1) refers to criminal history points as determined under § 4A1.1.

All circuit courts of appeal having addressed this issue have determined that the pre-Amendment 651 sentencing guidelines are not ambiguous, but rather are clear that downward departures pursuant to § 4A1.3 are not to be considered under § 5C1.2(a)(1).  *See United States v. Valencia-Andrade*, 72 F.3d 770 (9th Cir. 1995); *United States v. Resto*, 74 F.3d 22 (2d Cir. 1996); *United States v. Orozco*, 121 F.3d 628 (11th Cir. 1997); *United States v. Robinson*, 158 F.3d 1291 (D.C. Cir. 1998); *United States v. Owensby*, 188 F.3d 1244 (10th Cir. 1999); *United States v. Webb*, 218 F.3d 877 (8th Cir. 2000); *United States v. Penn*, 282 F.3d 879 (6th Cir. 2002).

In reaching this conclusion, reviewing courts have relied on two main factors.  First, the commentary to § 5C1.2 states that more than one criminal history point means more than one criminal history point as determined under § 4A1.1. "Section 4A1.1 is the schedule that specifies how a sentencing court should calculate a defendant's criminal history points."  *Resto*, 74 F.3d at 28. "The total criminal history points determine a defendant's criminal history category, which combined with criminal offense level, determines the range of the sentence that the district court can impose."  *Orozco*, 121 F.3d at 630. "Section 4A1.1 is a mechanistic provision which merely instructs the sentencing court to add points for various carefully-defined criminal history occurrences." *Robinson*, 158 F.3d at 1294.  That "[a] court may subsequently determine under § 4A1.3 that a defendant's criminal history point total (and thus his corresponding criminal history category) overstates the seriousness of his criminal history . . . does not alter the original assessment of the defendant's criminal history points."  *Owensby*, 188 F.3d at 1246.

No. 11-30390

Thus the plain language of the statute and relevant guideline clearly provide that a court may not sentence a defendant under the "safety valve" provision when that defendant has more than 1 criminal history point as calculated under U.S.S.G. § 4A1.1-regardless of whatever downward departure a court might grant under U.S.S.G. § 4A1.3.

*Robinson*, 158 F.3d at 1294.

The second consideration which courts have relied on to determine that the pre-Amendment 651 guidelines are not ambiguous on this point is their interpretation that § 4A1.3 does not permit reductions in criminal history points, but instead allows district courts to depart downward to a more appropriate criminal history category and corresponding guideline range. Indeed, in the November 1, 2002 Edition of the Guidelines Manual, the title of § 4A1.3 is "Adequacy of Criminal History Category[.]" The guideline provides that, if appropriate circumstances exist, "the court may consider imposing a sentence departing from the otherwise applicable guideline range." U.S.S.G. § 4A1.3 (Nov. 1, 2002). The commentary following § 4A1.3 states: "This policy statement authorizes the consideration of a departure from the guidelines in the limited circumstances where reliable information indicates that the *criminal history category* does not adequately reflect the seriousness of the defendant's criminal history or likelihood of recidivism . . . ." U.S.S.G. § 4A1.3, comment. (Nov. 1, 2002) (emphasis added).

"[W]hile U.S.S.G. § 4A1.3 affords a sentencing court discretion to determine whether a criminal history category accurately reflects a defendant's criminal history, nothing in U.S.S.G. § 4A1.1 suggests that the sentencing court has any discretion with respect to the calculation of a defendant's criminal history score . . . ." *Robinson*, 158 F.3d at 1294.

Section 4A1.3 does not authorize a court to add or subtract individual criminal history points from a defendant's record; rather, it permits the sentencing court, when departing from the otherwise applicable guideline range, to "use, as a reference, the guideline

9

range for a defendant with a higher or lower criminal history category, as applicable."

*Owensby*, 188 F.3d at 1246. "Nothing in section 4A1.3 . . . indicates that a category change under this provision deletes previously assessed criminal history points for the purposes of the section 5C1.2 analysis." *Webb*, 218 F.3d at 881.

In *United States v. Jasso*, 634 F.3d 305 (5th Cir. 2011), we embraced the reasoning of our sister circuits and, citing *Penn*, a Sixth Circuit opinion rendered prior to Amendment 651, held for the first time that the present version of § 4A1.3 does not permit district courts to reduce individual criminal history points. While *Jasso* involved an interpretation of the current version of § 4A1.3, which has been significantly revised from the 2002 guidelines, none of the changes have altered § 4A1.3's emphasis on departures from over- and under-representative criminal history categories, as opposed to additions or subtractions of individual criminal history points.

For both of the reasons advanced by every circuit having addressed the issue, we conclude that the 2002 Edition of the Guidelines Manual is not ambiguous with respect to whether departures pursuant to § 4A1.3 are to be considered when evaluating safety valve eligibility. Both the statutory safety valve provision, 18 U.S.C. § 3553(f), and companion sentencing guideline, § 5C1.2, explicitly require that a defendant not have more than one criminal history point. This criterion is further clarified by § 5C1.2's commentary, which explains that the guideline refers to criminal history points as determined under § 4A1.1, a mechanistic schedule for calculating criminal history points which mentions neither departures nor § 4A1.3. Lastly, § 4A1.3 addresses over- and under-representative criminal history categories, permitting district courts to "depart[] from the otherwise applicable guideline range[,]" but nowhere

No. 11-30390

endorses, either explicitly or implicitly, the addition or subtraction of individual criminal history points.  U.S.S.G. § 4A1.3 (Nov. 1, 2002).

Accordingly, the 2002 Edition of the United States Sentencing Guidelines Manual does not permit district courts to consider departures pursuant to § 4A1.3 when evaluating a defendant's safety valve eligibility.  As the applicable guidelines are not ambiguous, the rule of lenity does not apply.

**IV.**

For the foregoing reasons, we REVERSE the district court's judgment, VACATE Solis's sentence below the statutory mandatory minimum, and REMAND for resentencing.