**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 15 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

GUILLERMO RUIZ,

     Defendant - Appellant.

No. 00-2150
(D.C. No. CR-99-1075-LH)
(D.N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

---

Defendant-Appellant Guillermo Ruiz appeals from his sentence upon a plea of guilty to conspiracy to distribute more than 100 grams of heroin, contrary to 21 U.S.C. §§ 846, 841(b)(1)(B). Although Mr. Ruiz was determined to have an offense level of 19 and a criminal history category of II based upon 3 criminal history points, resulting in a guideline range of 33-41 months, he was sentenced

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

to the mandatory minimum of 60 months and 4 years supervised release required under the statute.  He appeals from the district court's denial of a downward departure that would make him eligible for the "safety valve" provision contained in 18 U.S.C. § 3553(f) and USSG § 5C1.2.  Our jurisdiction arises under 18 U.S.C. § 3742(a) and we affirm.

We review the district court's interpretation of § 3553 and USSG § 5C1.2 de novo.  United States v. Gigley, 213 F.3d 503, 505 (10th Cir. 2000).  Section 3553(f) is plain and unambiguous on its face.  The safety valve is available only to those defendants who do not have more than one criminal history point.  18 U.S.C. § 3553(f)(1); USSG § 5C1.2.  Mr. Ruiz was therefore not eligible for the safety valve.  United States v. Owensby, 188 F.3d 1244, 1246-47 (10th Cir. 1999).  Even had the district court departed downward in an effort to more appropriately reflect Mr. Ruiz's criminal history, Mr. Ruiz would still not have been eligible for the safety valve.  Id. at 1246.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge