**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

DAVID L. WILKINSON,

      Defendant - Appellant.

No. 98-4096

**Appeal from the United States District Court**
**for the District of Utah**
**(D.C. No. 95-CR-33)**

Submitted on the briefs:[*]

Paul M. Warner, United States Attorney, and Richard Lambert, Assistant United States Attorney, for Plaintiff-Appellee

James C. Bradshaw, for Defendant-Appellant

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

**EBEL**, Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause therefore is ordered submitted without oral argument.

David Wilkinson pled guilty to charges that he possessed a number of videotapes and photographs depicting minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). The sentencing guideline governing Wilkinson's conviction is U.S.S.G. § 2G2.4 (1995), which established a base offense level of 13.[2] Because Wilkinson produced the pornographic visual depictions in his possession, the district court at sentencing cross-referenced and applied U.S.S.G. § 2G2.1 (1995), which established a higher offense level of 25. Wilkinson produced the videos and photographs while in Thailand. Wilkinson appeals, arguing that courts cannot cross-reference to U.S.S.G. § 2G2.1 if the production took place outside of the United States; that his counsel at sentencing was constitutionally ineffective for not objecting to the court's use of foreign conduct to determine Wilkinson's base offense level; and that there was insufficient evidence at sentencing to apply a four-level enhancement for offenses involving minors under the age of twelve. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

---

[2] Although Wilkinson was sentenced in May 1998, the guidelines then in effect had a higher base offense level for Wilkinson's crime than the base offense level in the guidelines in effect in January 1995, when Wilkinson committed his crime. Accordingly, the pertinent January 1995 guidelines apply. See United States v. Svacina, 137 F.3d 1179, 1186 (10th Cir. 1998).

We review a district court's legal interpretations of the Sentencing Guidelines de novo. See United States v. Moore, 130 F.3d 1414, 1416 (10th Cir. 1997). Moreover, because Wilkinson failed to raise his § 2G2.4 and § 2G2.1 issue in the court below, we review the trial court's decision only for plain error. See United States v. Moudy, 132 F.3d 618, 621 (10th Cir.), cert. denied, 118 S.Ct. 1334 (1998).

Section 2G2.4, in relevant part, provides:

> (c) Cross References
>
> > (1)     If the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, apply § 2G2.1 (Sexually Exploiting a Minor by Production of Sexually Explicit Visual or Printed Material; Custodian Permitting Minor to Engage in Sexually Explicit Conduct; Advertisement for Minors to Engage in Production).

The guidelines define "offense" to mean "the offense of conviction and all relevant conduct under § 1B1.3 (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the context." U.S.S.G. § 1B1.1 (commentary) (n. 1(l)) (1995). Obviously, Wilkinson's sexual exploitation of the minors depicted in the videotapes and photographs that he possessed is relevant conduct. Since neither the language of U.S.S.G. § 2G2.4 nor § 2G2.1[3] carves out an

---

[3] U.S.S.G. § 2G2.1 reads:

(continued...)

exception for defendants who produced the proscribed child pornography outside of the United States, the district court properly cross-referenced and applied the enhanced punishment in § 2G2.1.

Wilkinson argues that applying § 2G2.1 to conduct that occurs wholly outside of the United States violates the long-standing principle that "legislation of Congress, unless a contrary intent appears, is meant to apply only within the territorial jurisdiction of the United States." E.E.O.C. v. Arabian American Oil Co., 499 U.S. 244, 248 (1991) (quotation omitted) (superseded by statute).

---

[3](...continued)

    (a)    Base Offense Level:  25

    (b)    Specific Offense Characteristics

        (1)    If the offense involved a minor under the age of twelve years, increase by 4 levels; otherwise, if the offense involved a minor under the age of sixteen years, increase by 2 levels.

        (2)    If the defendant was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant, increase by 2 levels.

    (c)    Special Instruction

        (1)    If the offense involved the exploitation of more than one minor, Chapter Three, Part D (Multiple Counts) shall be applied as if the exploitation of each minor had been contained in a separate count of conviction.

We reject this argument because it wrongly conflates two distinct concepts. As the Seventh Circuit has explained, applying the extraterritoriality presumption to § 2G2.4's cross-reference to § 2G2.1 assumes that because the defendant "was sentenced <u>as if</u> he were convicted for producing the pornography, he was sentenced in fact <u>for</u> producing child pornography." <u>United States v. Dawn</u>, 129 F.3d 878, 883 (7th Cir. 1997). This is a flawed assumption. "'[C]onsideration of information about the defendant's character and conduct at sentencing does not result in "punishment" for any offense other than the one of which the defendant was convicted.' Rather, the defendant is 'punished only for the fact that the <u>present</u> offense was carried out in a manner that warrants increased punishment.'" <u>United States v. Watts</u>, 519 U.S. 148, 155 (1997) (per curiam) (quoting <u>Witte v. United States</u>, 515 U.S. 389, 401, 403 (1995)).

As a result, § 2G2.4 and § 2G2.1 as interpreted by the district court properly applied only to conduct that occurred within the United States. Wilkinson was held criminally culpable only for his conduct (possession of child pornography) that occurred within the territorial jurisdiction of the United States. But, Wilkinson's sentence was increased because of how he committed his crime. <u>Cf.</u> <u>Watts</u>, 519 U.S. at 154 ("[S]entencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction.").

"The cross-reference merely implements the common sense notion that a receiver or possessor who has manufactured the pornography in his possession is both more culpable and more dangerous than one who has received or possessed the pornography and no more." Dawn, 129 F.3d at 884. It would be absurd to suggest that there is a long-standing principle that judges cannot consider in calculating a sentence relevant conduct committed outside of the United States. In fact, 18 U.S.C. § 3661 clearly states otherwise, requiring that, "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." (emphasis added); see also, Watts, 519 U.S. 148 at 152 (conduct for which defendant is acquitted may be considered for sentencing); Moore, 130 F.3d at 1416. Thus, we hold it appropriate for courts, when applying the cross-reference to § 2G2.1 from § 2G2.4, to consider the relevant conduct that occurs wholly outside of the United States.

Along the same lines, Wilkinson argues that U.S.S.G. § 2G2.4 and § 2G2.1 are unconstitutionally vague because they provide no notice of punishment for criminal conduct that occurs outside of the United States. However, as discussed above, Wilkinson was not punished for his production of the videotapes and photographs outside of the Untied States; rather, he was convicted and sentenced

for possession of child pornography within the United States. See Dawn, 129 F.3d at 881 n.3. We likewise reject Wilkinson's ineffective assistance of counsel claim regarding this extraterritorial issue. Since Wilkinson's argument fails on the merits, he could not have suffered prejudice under Strickland v. Washington, 466 U.S. 668 (1984), from counsel's failure to raise the issue below.

Wilkinson lastly argues that there was insufficient evidence at sentencing for the district court to apply a four-level enhancement under § 2G2.1(b)(1) for offenses involving minors under the age of twelve. Wilkinson argues that the children depicted in his pornographic material were older than twelve (but concedes they were younger than eighteen). He therefore asks that we recalculate his sentence without the four-level enhancement.

We need not decide this sufficiency of the evidence question as it is moot. The district court's sentence calculation was as follows: a base offense level of 25, plus 5 points for multiple counts, plus 4 points for involving minors under the age of twelve, minus 3 points for acceptance of responsibility. Wilkinson's base offense level totaled 31 which, given a Criminal History Category I, results in a sentence range of 108-135 months. If the 4 level enhancement that Wilkinson challenges is eliminated, his base offense level totals 27, which results in a sentence range of 70-87 months.

Under either result, the low end of the guideline sentence (108 months or 70 months) is higher than the statutory maximum sentence of 60 months. Since the statutory maximum sentence is less than the minimum of either applicable guideline range, the statutorily authorized maximum controls. See U.S.S.G. § 5G1.1(a). Therefore, even if Wilkinson's sufficiency of the evidence argument is true, this court could grant no meaningful relief.

The district court's judgment is AFFIRMED.