**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE LUIS SIERRA ROBLES,

Defendant-Appellant.

No. 98-1327
(D.C. No. 98-CR-146-B)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **ANDERSON** and **KELLY** , Circuit Judges, and **BROWN** ,** Senior District Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of

---

*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**      Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Defendant was charged by indictment with one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  After pleading guilty, he was sentenced to the statutory mandatory minimum of 120 months' imprisonment.    *See id.* § 841(b)(1)(A)(ii).  Defendant appeals his sentence, challenging the district court's interpretation and application of the sentencing guidelines and applicable statute.    [1]  We review the legal question relating to the district court's interpretation of the United States Sentencing Guidelines  *de novo.   See United States v. Wilkinson*    , 169 F.3d 1236, 1237 (10th Cir. 1999).  We affirm.

Defendant's presentence investigation report assigned him two criminal history points for a 1996 misdemeanor offense.  The offense was fraudulent use of telephone service (use of an invalid telephone calling card), for which defendant was sentenced to the 88 days he served while awaiting sentencing and three years of unsupervised probation.  In addition to the two criminal history points for the prior misdemeanor offense, two criminal history points were added

---

[1]     In the notice of appeal and the docketing statement, defendant states that he is appealing the denial of his motion to suppress evidence, as well as his sentence. In his brief on appeal, defendant states that the district court's denial of his motion to suppress "is not a matter on appeal."  Appellant's Br. at 2 n.1.

because defendant committed the drug offense while he was on probation.  Four criminal history points placed defendant in criminal history category III.  *See* United States Sentencing Commission, Guidelines Manual (USSG), Ch. 5 Pt. A, Sentencing Table (Nov. 1997).  That category, combined with defendant's total offense level of 29, resulted in a guideline range of 108 to 135 months.  The statutory mandatory minimum for defendant's offense is 120 months, resulting in a guideline range of 120 to 135 months.  *See id*. § 5G1.1  (stating where statutory mandatory minimum falls within guideline range, sentence shall be no less than statutorily required minimum).

At sentencing, the district court found that criminal history category III overstated the seriousness of defendant's past criminal conduct.  Consequently, the district court departed from the otherwise applicable guideline range by placing defendant in criminal history category I.  *See id.* § 4A1.3, p.s. (stating sentencing court may depart from guideline range and use guideline range corresponding to a lower criminal history category if it concludes the higher criminal history category "significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes").

Someone who falls within criminal history category I has, by definition, 0 or 1 criminal history point.  *See id.*  Ch. 5, Pt. A, Sentencing Table.  Defendant

argued at sentencing that because the court departed to criminal history category I, which carries 0 or 1 criminal history point, he should be eligible for the "safety valve" provision in 18 U.S.C. § 3553(f) and USSG § 5C1.2. The statute and guideline provide that if a defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines, and meets several other criteria, the sentencing court may disregard the statutory mandatory minimum sentence. The district court declined to apply the "safety valve" of § 3553(f), however, finding that defendant was not eligible for relief under the statute because he had more that 1 criminal history point as calculated under USSG § 4A1.1. Defendant asks this court to hold that because the district court departed downward to place him in criminal history category I, he is eligible for relief under § 3553(f) and that the district court erred in finding it had no discretion to disregard the statutory mandatory minimum in sentencing him.

We join the other circuits that have decided this issue and hold that a defendant cannot avail himself of the "safety valve" of § 3553(f) if he has more than 1 criminal history point as determined under USSG § 4A1.1, regardless of his criminal history category. *See United States v. Robinson*, 158 F.3d 1291, 1294 (D.C. Cir. 1998), *cert. denied,* 119 S. Ct. 1155 (1999); *United States v. Orozco*, 121 F.3d 628, 630 (11th Cir. 1997); *United States v. Ward*, No. 95-5967, 1996 WL 531017, at **1 (4th Cir. Sept. 19, 1996) (unpublished); *United States v.*

*Moog*, Nos. 95-3389, 95-3417, 95-4184, 1996 WL 431343, at **1 (8th Cir. Aug. 2, 1996) (unpublished); *United States v. Resto*, 74 F.3d 22, 28 (2d Cir. 1996); *United States v. Valencia-Andrade*, 72 F.3d 770, 774 (9th Cir. 1995).

The statute is clear and unambiguous; it gives the sentencing court discretion to disregard the statutory mandatory minimum sentence only if a defendant has no more than one criminal history point as determined under the guidelines. Application note 1 to USSG § 5C1.2, in turn, defines "more than 1 criminal history point, as determined under the sentencing guidelines," as used in subsection (1) of that section, to mean "more than one criminal history point as determined under § 4A1.1 (Criminal History Category)." Because defendant had four criminal history points as calculated under § 4A1.1, the district court was correct in finding that it did not have discretion under § 3553(f) to disregard the statutory mandatory minimum sentence. The statute is clear and unambiguous, and our task is to apply it as written. The redress defendant seeks is a legislative matter that must come from Congress. AFFIRMED.

Entered for the Court

Wesley E. Brown
Senior District Judge