**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 25 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOYCE ARNOLD, also known as
Joyce Hudson, also known as Pamela
Reed,

Defendant - Appellant.

No. 01-1583
(D.C. No. 01-CR-148-N)
(D. Colorado)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Circuit Judge, **ANDERSON** , Circuit Judge, and
**BRORBY** , Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Joyce Arnold was convicted by a jury of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court rejected the government's attempt to classify Ms. Arnold as an armed career criminal under 18 U.S.C. § 924(e), but did find, by a preponderance of the evidence, that she possessed the firearm in question in connection with another felony offense, i.e., conspiracy to commit the armed robbery of a take-out restaurant. [1] Pursuant to USSG § 2K2.1(b)(5), the district court accordingly applied a four-point upward adjustment to the base offense level which, combined with Ms. Arnold's criminal history category of V, indicated a Guideline range of 130-162 months. As the statutory maximum sentence for the firearm offense was ten years, *see* 18 U.S.C. § 924(a)(2), the court was constrained to impose a term of 120 months. *United States v. Wilkinson*, 169 F.3d 1236, 1239 (10th Cir. 1999). Ms. Arnold now appeals her sentence, and we affirm.

Ms. Arnold does not dispute that USSG § 2K2.1(b)(5) required a four-point increase to her base offense level if she possessed the firearm in connection with another offense. The discrete question raised on appeal is whether the evidence adduced by the government was sufficient to support the district court's finding that she was in fact engaged in a conspiracy to rob the restaurant.

---

[1] Conspiracy to commit armed robbery is a felony under Colorado law. *See* C.R.S. §§ 18-2-201, 18-2-206(1), and 18-4-302(1), (3).

When considering an objection to a sentence enhancement, we review the district court's legal conclusions *de novo* and its factual findings for clear error. *United States v. Norman*, 129 F.3d 1393, 1398 (10th Cir. 1997). Thus, we review the district court's factual findings "with deference, overturning them only upon a determination that the findings were clearly erroneous or without factual support in the record such that our review leaves us with the firm and definite conviction that a mistake has been made." *United States v. Farrow*, 277 F.3d 1260, 1262 (10th Cir. 2002) (quotation omitted). We consider the evidence and inferences therefrom in the light most favorable to the district court's determination, *United States v. Walters*, 269 F.3d 1207, 1214 (10th Cir. 2001), with due regard for the opportunity of the district judge to assess the credibility of the witnesses, *United States v. Farnsworth*, 92 F.3d 1001, 1009 (10th Cir. 1996).

In this case, the district court made the following relevant findings:

> The events in this case transpired approximately 1 a.m. on November 17 of 2000. The defendant and a companion were spotted by police officers parked in a small station wagon behind this restaurant, Chubby's Restaurant at the corner of West 38th Avenue and Lipan Street. At the time it was initially spotted, the station wagon had no lights on. Because of the position of the car and the fact that the car was blacked out, the officers started to investigate. As soon as the officers approached the station wagon, it pulled out onto 38th Avenue.

> Subsequent events disclosed that there was a shotgun in the car. There was also paraphernalia in the car which could be used in a robbery, to wit: not only the shotgun, but the two ski caps and the

nylon stocking which could readily be used as a mask. It did not appear that the defendant and her companion were going skiing.

I conclude from a preponderance of the evidence that, as I said at the outset of this hearing, the only conclusion that can be drawn is that the defendant and her companion were conspiring or planning to rob the Chubby's Restaurant. The location of the car, the fact that it was blacked out, the time, all support that inference. In addition, the fact that they immediately left the scene when confronted by police is inconsistent with the inference that they just happened to arrive for a bite to eat at 1 a.m. in the morning.

Because I can see no hypothesis that is consistent with innocence here based on the totality of []these facts, I think the Government has proved by a preponderance of the evidence that the defendant possessed this firearm in connection with another felony offense; namely, conspiracy to commit armed robbery of a Chubby's Restaurant. And accordingly, I will apply the four-point enhancement.

Tr. of Sentencing Proceedings at 13-14, R. Vol. 6. [2] In addition, it was undisputed that (1) the car was not parked in the regular space provided for restaurant patrons but was backed in next to a dumpster behind the restaurant; (2) the rear license plate was bent down over the bumper so that it could not be read; and (3) the pump-action shotgun found in the car was loaded and ready to fire.

---

[2] Ms. Arnold asserts that in once referring to a blue nylon scarf found together with a knit ski cap in the car as a "'nylon stocking which could readily be used as a mask,'" the district court "misstat[ed]" the evidence. Appellant's Opening Br. at 7 n.2 (quoting Tr. of Sentencing Proceedings at 13-14, R. Vol. 6). While defendant is technically correct as to this minor detail, her point is not significant because the nylon scarf, in combination with the knit ski cap, could easily have been used as a mask to conceal most of her or her companion's face during a robbery.

Ms. Arnold does not challenge the basic operative facts summarized above, but argues strenuously that these facts lead only to a speculation that she possessed the shotgun in connection with a conspiracy to rob the restaurant, and that mere speculation is insufficient. Appellant's Reply Br. at 2 (quoting *United States v. Jones*, 49 F.3d 628, 632 (10th Cir. 1995) (further quotations omitted)). She notes that "[a]n inference is only reasonable where there exists a probability, not a mere possibility, that the conclusion flows from the proven facts," *id.* (citing *United States v. Rahseparian*, 231 F.3d 1257 (10th Cir. 2000)), and asserts that any plan to rob the restaurant was nothing more than a possibility on the evidence presented. We disagree. [3]

The evidence supporting a sentence enhancement may be circumstantial. *See, e.g.*, *United States v. Carty*, 264 F.3d 191, 194 (2d Cir. 2001); *United States v. Graham*, 162 F.3d 1180, 1183 (D.C. Cir. 1998); *cf. United States v. Silvers*, 84 F.3d 1317, 1327 (10th Cir. 1996) ("either direct or circumstantial evidence" may establish drug quantity by necessary preponderance). The circumstances shown here were clearly indicative of a foiled attempt on the part of Ms. Arnold and her companion to rob the restaurant with the shotgun found in the car.

---

[3] We note in passing that Ms. Arnold relies inaptly here on cases involving sufficiency of the evidence for conviction beyond a reasonable doubt, *see Jones*, 49 F.3d at 629, *Rahseparian*, 231 F.3d at 1260, rather than sufficiency of the evidence for application of a sentencing enhancement, which requires only a preponderance of the evidence, *see, e.g.*, *Farnsworth*, 92 F.3d at 1009.

However, Ms. Arnold argues that there are other, "innocent" explanations of the circumstances. [4] The only such explanation that accounts for most of the critical facts–the presence of the gun, the location and condition of the car, and the manner in which Ms. Arnold reacted to the arrival of the police–is that she was trying to dispose of the shotgun in the dumpster but abruptly curtailed the effort and drove away when the officers pulled into the parking lot. The gaping hole in this story, however, is the condition of the weapon; it is certainly more likely that a shotgun loaded and ready to fire has been prepared for use than for disposal.

Not every one of Ms. Arnold's various contentions warrants explicit discussion here. We have, however, considered all of her arguments in light of the record and concluded that the district court properly found, by a

---

[4]    Ms. Arnold also argues that to the extent this case turns on her inability to articulate a persuasive explanation in this regard, her Fifth Amendment right not to testify is impermissibly burdened, citing *Mitchell v. United States*, 526 U.S. 314, 328-29 (1999) (extending "normal rule . . . that no negative inference from the defendant's failure to testify is permitted" to sentencing phase of criminal proceeding), and *United States v. Constantine*, 263 F.3d 1122, 1128-29 (10th Cir. 2001) (discussing *Mitchell*). This objection is meritless; simply noting that a defendant, through counsel, has been unable to suggest *by way of legal argument* an innocent *interpretation* of the facts of record to undercut a facially obvious inference of guilt, does not implicate her right not to *testify* about such facts. Further, we note that Ms. Arnold actually took the stand at sentencing to supply facts she hoped would counter the government's case under § 2K2.1(b)(5). Thus, "[a]lthough we find [Ms. Arnold's] Fifth Amendment rights were not violated, in addition [s]he arguably *waived* [them]." *Constantine*, 263 F.3d at 1128 n.4.

preponderance of the evidence, that she possessed a firearm while engaged in a conspiracy to commit robbery. Accordingly, the sentence imposed by the district court is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge