**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FEDERAL TRADE COMMISSION,

    Plaintiff - Appellee,

v.

SKYBIZ.COM, INC.; WORLD
SERVICE CORPORATION;
WORLDWIDE SERVICE
CORPORATION; JAMES S. BROWN;
ELIAS F. MASSO; KIER E. MASSO,

    Defendants - Appellants,

and

NANCI CORPORATION
INTERNATIONAL; STEPHEN D.
MCCULLOUGH; NANCI H. MASSO;
ROBERT E. BLANTON; SKYBIZ
INTERNATIONAL LTD.,

    Defendants.

No. 01-5166
D.C. No. 01-CV-396-K(E)
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **BRORBY**, Senior Circuit Judge.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On May 30, 2001, the Federal Trade Commission ("FTC"), pursuant to 15 U.S.C. §§ 45(a) and 53(b), filed an action for injunctive and other equitable relief in the United States District Court for the Northern District of Oklahoma, naming as defendants SkyBiz.Com, Inc., World Service Corporation, WorldWide Service Corporation, James S. Brown, Elias F. Masso and Kier Masso, and others. The "others" named in the original complaint are not parties to this appeal.[1]

In its complaint, the FTC charged the defendants with violating 15 U.S.C. § 45(a) by engaging in deceptive acts or practices and sought "to secure permanent injunctive relief, preliminary, and other equitable relief, " pursuant to 15 U.S.C. § 53(b). As a part of its request for preliminary relief, the FTC requested an ex parte temporary restraining order ("TRO") and a preliminary injunction. On June 6, 2001, after hearing, the district court held that the interest of justice required that the ex parte application for a TRO be heard without notice and entered a TRO against the six defendants. On June 8, 2001, the court held a status conference at the defendants' request and set a hearing on the FTC's application for a preliminary injunction for June 26, 2001. A three-day hearing was held on the FTC's request for a preliminary injunction on June 26-28, 2001, at the conclusion

---

[1]After the filing of the initial complaint, SkyBiz International Ltd., a British Virgin Islands corporation which did business in Tulsa, Oklahoma, was added as a party defendant. SkyBiz International Ltd. appealed two rulings of the district court, our Nos. 01-5176 and 02-5004. Both appeals were dismissed on motions by SkyBiz International Ltd., and that entity is not a party to the present appeal.

- 2 -

of which the district court took the matter under advisement and ordered the parties to file proposed findings of fact and conclusions of law. On August 31, 2001, the district court in a 40-page opinion entered its "Findings of Fact and Conclusions of Law and Order for Preliminary Injunction." In that order the district court found, *inter alia,* "that the FTC` will likely prevail on the merits" and that "the potential harm to the public [if the preliminary injunction is not entered] outweighs any harm that the defendants may suffer [if a preliminary injunction be issued] . . . ." The district court also ordered that the terms of the preliminary injunction against the defendants be applied to the defendants' "extra territorial activity." The defendants now appeal the order granting a preliminary injunction and raise three issues: (1) the district court erred in finding that the FTC "will likely prevail on the merits;" (2) the district court erred in finding that the potential harm to the public if the preliminary injunction is not issued outweighs the potential harm to the defendants if the preliminary injunction be issued; and (3) the district court erred in applying the preliminary injunction to defendants' overseas activities, or certain of such activities.

The parties are in basic agreement that we review a district court's grant of a preliminary injunction for abuse of discretion and, in so doing, we review its findings of fact for clear error and its underlying issues of law de novo. *United States v. Power Eng'g. Co.,* 191 F.3d 1224, 1230 (10th Cir. 1999), *cert. denied* 529 U.S. 1086 (2000); *Prairie Band of Potawatomi Indians v. Pierce,* 253 F.3d 1234, 1243 (10th Cir. 2001).

As indicated, the hearing on FTC's request for a preliminary injunction was a rather extended one. At the hearing, the FTC presented 228 documents and called nine witnesses, including the FTC's expert economist, four consumers, an FTC investigator, the Receiver under the TRO and two employees of the Receiver. The defendants presented 17 documents and called four witnesses. Our study of the matter convinces us that the district court did not err in finding that the FTC was "likely to prevail on the merits" and that the potential harm to the public if an injunction did not issue outweighs the harm to the defendants if an injunction be issued. In issuing the preliminary injunction, the district court did not abuse its discretion. *See Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).

As indicated, the defendants also urge as error in this court that the district court erred in directing that the preliminary injunction, or, at least, certain aspects of it, apply to the defendants' international sales and assets. In this regard, it should be noted that as concerns the six appellants, SkyBiz.Com, Inc., and World Service Corporation are Nevada corporations with their principal place of business in Tulsa, Oklahoma; WorldWide Service Corporation is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma; James S. Brown, the president of SkyBiz.Com, resides and transacts business in the Northern District of Oklahoma; Elias F. Masso, the CEO of World Service, resides and transacts business in the Northern District of Oklahoma; and Kier Masso is, or has been, the secretary and treasurer of World Service, and resides and

transacts business in the Northern District of Oklahoma.  So, all defendants who are appellants in this court were "before the court," so to speak.  And, in this general connection, all sales, domestic or foreign, "passed through" the Tulsa, Oklahoma, offices.

In its 40-page order, the district court made the following comment in its "Conclusions of Law" section of the order concerning the defendants' "international activities:"

> 1.      As demonstrated by testimony, Defendants marketed their program to consumers throughout the nation, thereby affecting the passage of property or messages from one state to another.  Defendants also marketed their program to consumers throughout the world, thereby affecting the passage of property or messages from the United States to foreign nations.  Such transactions are "in or affecting commerce among the several states or with foreign nations," as required by the FTC Act.  *See* 15 U.S.C. §44.

> * * * * *

> 2.      In their Proposed Findings of Fact and Conclusions of Law, Defendants seek to avoid extraterritorial application of this Order.  The Court finds that the terms of this Order may apply extraterritorially.  *See Branch v. FTC*, 141 F.2d 31 (7th Cir. 1944) (holding that FTC Act applies to trade outside U.S. borders as a means of controlling domestic competition).

In addition to the above, the district court in its preliminary injunctive order referred specifically to defendants' international activities, in Section M of the order, as follows:

> M.  Repatriation of Assets and Documents Located in Foreign Countries
>          It is further ordered that Defendants, whether acting

through any trust, corporation, subsidiary, division or other device, shall:

> 1. Take such steps as are necessary to transfer to the territory of the United States of America all documents and assets, not including property of the Masso Bankruptcy Estate pursuant to 11 U.S.C. § 541, that are located outside of such territory and are held by or for Defendants or are under Defendants' direct or indirect control, jointly, severally, or individually; and
>
> 2. Provide the Commission and Receiver with a full accounting of all documents and assets, not including property of the Masso Bankruptcy Estate pursuant to 11 U.S.C. §541, that are located outside of the territory of the United States of America and are held by or for Defendants or are under Defendants' direct or indirect control, jointly, severally, or individually; and
>
> 3. Hold and retain all transferred documents and assets, not including property of the Masso Bankruptcy Estate pursuant to 11 U.S.C. § 541, and prevent any transfer, disposition, or dissipation whatsoever of any such assets or funds, except for transfers to the Receiver; and
>
> 4. Provide plaintiff access to Defendants' records and documents held by financial institutions outside the territorial United States, by signing the Consent to Release of Financial Records attached hereto as Attachment A.

Our study of the matter leads us to conclude that, under the circumstances above described, the district court did not commit error in issuing a preliminary injunction, and enjoining certain acts and practices of the defendants being committed both inside and outside the United States. We do not regard *Equal Employment Opportunity Comm'n v. Arabian American Oil Co.,* 499 U.S. 244 (1991), *superseded by statute as stated in U.S. v. Wilkinson,* 169 F.3d 1236 (10th Cir. 1999) as being dispositive of the extra-territorial issue here presented. In that case, the Supreme Court held that the employee's

protections under Title VII of the Civil Rights Act of 1964 did not extend to include United States citizens employed abroad by American employers. In this same connection, *see Nieman v. Dryclean U.S.A. Franchise Co., Inc.,* 178 F.3d 1126 (11th Cir. 1999), *cert. denied,* 528 U.S. 1118 (2000) (holding that the FTC's Franchise Rule does not apply extraterritorially*)*. We deem the facts of the instant case to be different than those in either of those cases. The facts of the instant case are somewhat similar to those in *Branch v. Federal Trade Comm'n,* 141 F.2d 31 (7th Cir. 1944), a case relied on by the district court in the instant case.

In conclusion, we emphasize that we are here concerned only with whether the district court erred in granting a <u>preliminary</u> injunction. That order was entered on August 31, 2001*,* and has been in place ever since. A hearing on FTC's request that it be granted a permanent injunction has not yet been held. We are simply holding by this order and judgment that, based on the evidentiary material before it at the time, the district court did not err in granting its preliminary injunction. Whether a permanent injunction should issue remains to be decided. After remand, the district court shall promptly hear and determine FTC's request for a permanent injunction.

Judgment affirmed. Mandate shall issue forthwith.


ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge