[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 19, 2005
THOMAS K. KAHN
CLERK

No. 05-10975
Non-Argument Calendar

_____

D. C. Docket No. 04-00063-CR-P-NE

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES HOLMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 19, 2005)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

James Holmes appeals his 240-month sentence for conspiracy to possess

with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and maintaining a place for the purposes of manufacturing and distributing a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 856(a)(1).

Holmes argues for the first time on appeal that, for the violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, a district court may sentence within the applicable sentencing guidelines range and below the statutory minimum when the defendant satisfies all five of the safety-valve relief factors found in 18 U.S.C. § 3553(f) incorporated in U.S. Sentencing Guidelines Manual § 5C1.2. Holmes also argues that the district court erred in denying his request for a mitigating role reduction, pursuant to U.S. Sentencing Guidelines Manual § 3B1.2(a), because he was plainly the least culpable of the group of co-conspirators.

As will be discussed below, we only need reach Holmes's first argument because his second one is moot. We have jurisdiction to review Holmes's first issue under *United States v. Cruz*, 106 F.3d 1553, 1556-57 (11th Cir. 1997). When an appellant raises a claim of error not objected to before the district court we review only for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005), *cert. denied*, 125 S. Ct. 2935, 162 L. Ed. 2d 866 (2005). We

"may not correct an error the defendant failed to raise in the district court unless there is: (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* (internal quotation omitted).

A defendant has the burden of proving his eligibility for relief under the safety-valve provision. *Cruz*, 106 F.3d at 1557. To be eligible for the safety-valve provision, a defendant must satisfy five conditions, the first of which is that he cannot have more than one criminal history point. 18 U.S.C. § 3553(f); *United States v. Orozco*, 121 F.3d 628, 630 (11th Cir. 1997) (per curiam); U.S. Sentencing Guidelines Manual § 5C1.2.

We conclude that Holmes did not qualify for a safety-valve reduction because he had more than one criminal history point. We need not address Holmes's second issue because Holmes was sentenced according to the statutory mandatory minimum sentence. Even if Holmes were entitled to a U.S.S.G. § 3B1.2(a) "role reduction," his sentence would be the same because the statutory minimum without a safety-valve reduction exceeds the guideline recommendation. *See Cruz*, 106 F.3d at 1555 n.3. Accordingly, we affirm Holmes's sentence.

**AFFIRMED**.