# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2013

No. 12-10371
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID ANTHONY RAMOS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-185-1

Before DAVIS, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

David Anthony Ramos appeals his sentence of 210 months' imprisonment imposed pursuant to his guilty-plea conviction for distributing, and possessing with intent to distribute, methamphetamine. *See* 21 U.S.C. § 841(a)(1), (b)(1)(C). He challenges only the district court's applying a two-level enhancement for maintaining a premises for the purposes of manufacturing or distributing a controlled substance. *See* U.S.S.G. § 2D1.1(b)(12).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-10371

The Guideline at issue, § 2D1.1(b)(12), became effective November 2010. At the time of Ramos' offense, application note 28 explained the enhancement at issue applied "to a defendant who knowingly maintains a premises . . . for the purpose of manufacturing or distributing a controlled substance". Supplement to the 2010 Guidelines Manual (effective 1 Nov. 2010), U.S.S.G. § 2D1.1 cmt. n.28. A subsequent amendment to the application note, effective 1 November 2011, added that it also included the "storage of a controlled substance for the purpose of distribution". U.S.S.G. App. C, Vol. III, Amend. 750, at 391, 396. Although the offense ended before the amendment to the note, Ramos was sentenced after the amendment and the 2011 Guidelines Manual was used in his sentencing.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly-preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

It is arguable that, as the Government contends, Ramos failed to preserve the specific error he now asserts, such that only plain-error review would apply; in any event, his claim fails even under the standard applied to preserved objections. *See United States v. Winkler*, 639 F.3d 692, 696 n.1 (5th Cir. 2011).

Ramos maintains Congress, in directing the Sentencing Commission to enhance penalties where the premises is used for manufacturing or distributing illegal drugs, specifically excluded from the scope of the advisory  Guideline an establishment maintained only for "storing" or "using" a controlled substance. As discussed, at the time of his offense, application note 28 did not include

2

storage of illegal narcotics for distribution as conduct covered by the enhancement. Ramos further contends the fact that he occasionally sold drugs from his home does not support application of the advisory Guideline § 2D1.1(b)(12) enhancement because the use of that house for those sales was incidental to his use of it as his residence.

Ramos is correct that, at the time of his offense, "storage" was not specifically included in either Guideline § 2D1.1(b)(12) or application note 28. The relevant version of the Guideline and application note, however, are not those in effect at the time of Ramos' offense, but those in effect at the time of his sentencing. *United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007) ("A sentencing court must apply the version of the [S]entencing [G]uidelines effective *at the time of sentencing* unless application of that version would violate the *Ex Post Facto* Clause of the Constitution.") (internal quotation marks omitted; emphasis added).

Along that line, Ramos does not claim application of the 2011 advisory Guidelines, including the application-note amendment adding "storage" as conduct triggering the § 2D1.1(b)(12) enhancement, was an *ex post facto* violation: "Amendments to the [G]uidelines and their commentary intended only to *clarify*, rather than effect substantive changes, may be considered even if not effective at the time of the commission of the offense". *United States v. Solis*, 675 F.3d 795, 797 (5th Cir. 2012) (internal quotation marks omitted; emphasis in original). The 2011 amendment to the commentary was expressly intended to "clarify[] that distribution includes storage of a controlled substance for the purpose of distribution" and triggers imposition of the Guideline § 2D1.1(b)(12) enhancement. U.S.S.G. App. C, Vol. III, Amend. 750*,* at 396.

Finally, Ramos fails to show the court's fact-finding and inferences from the record that one of his primary uses of the home was to store narcotics for distribution were unreasonable or implausible in the light of the record as a

whole. *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006). Accordingly, there was no clear error. *Id.*

AFFIRMED.