# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40670
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

IVAN PAREDES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1857

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ivan Paredes challenges his 60-month prison sentence, imposed following his guilty-plea conviction for possession, with intent to distribute, more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. He contends the district court erred by applying two, two-level enhancements, pursuant to Sentencing Guidelines §§ 2D1.1(b)(1) (increase two levels for possession of a dangerous weapon in connection with

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

the drug offense), and 2D1.1(b)(12) (increase two levels for maintaining the premises for the purpose of manufacturing or distributing drugs).

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Although this court reviews the district court's interpretation of the Guidelines *de novo*, its deciding a § 2D1.1 enhancement applies is reviewed only for clear error. *E.g., United States v. Akins*, 746 F.3d 590, 610 (5th Cir.), *cert. denied*, 135 S. Ct. 707 (2014); *United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).

Paredes claims his use of the premises to manufacture and distribute cocaine was incidental or collateral to its use as a residence. He asserts, *inter alia*, the storage of the cocaine in an unsecure location (the residence's garage), and his family's non-involvement with the cocaine support this contention. There was no clear error in applying the enhancement; that Paredes knowingly maintained a residence primarily for the purpose of storing a controlled substance for later distribution is not "unreasonable or implausible in light of the record as a whole". *United States v. Ramos*, 509 F. App'x 317, 318 (5th Cir. 2013); *accord* U.S.S.G. § 2D1.1, cmt. n.17.

Regarding the dangerous-weapon enhancement under Guideline § 2D1.1(b)(1), Paredes claims he possessed the weapon for home-protection

No. 14-40670

purposes.  In support, he notes the weapon was stored in the bedroom, roughly 30–40 feet from the garage where the drugs were stored.  Nevertheless, a connection between the firearm discovered in the residence and Paredes' drug-related offense was not "clearly improbable."  *United States v. Rodriguez*, 62 F.3d 723, 724 (5th Cir. 1995); U.S.S.G. § 2D1.1, cmt. n.11(A); *see also, e.g., Cisneros-Gutierrez*, 517 F.3d at 765–66.  Further, Paredes' assertion is a challenge to the court's credibility determination, which is "peculiarly within the province" of the district court and will not be disturbed by this court. *United States v. Goncalves*, 613 F.3d 601, 609 (5th Cir. 2010) (internal quotation marks and citations omitted).

AFFIRMED.