# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10537
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 29, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MICHAEL WAYNE LITTLE,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-221-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Michael Wayne Little, who pleaded guilty to conspiracy to possess, with intent to distribute, methamphetamine, in violation of 21 U.S.C. § 846, contests the district court's imposing a sentence of, *inter alia*, 188-months' imprisonment. Little contends the court erred in assessing a two-level enhancement, pursuant to Sentencing Guideline § 2D1.1(b)(12), for Little's

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

"maintain[ing] a premises for the purpose of manufacturing or distributing a controlled substance".

Although post-*Booker,* the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez,* 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Little preserved his objection in district court to the enhancement. Concerning our standard of review for that issue, the district court's "application of [Guideline] § 2D1.1(b)(12) is a factual finding reviewed for clear error". *United States v. Haines*, 803 F.3d 713, 744 (5th Cir. 2015). Therefore, the enhancement will be upheld unless Little can show its imposition was "unreasonable or implausible in the light of the record as a whole". *United States v. Ramos*, 509 F. App'x 317, 318 (5th Cir. 2013) (citing *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006)). He fails to do so.

Guideline § 2D1.1(b)(12) authorizes a two-level enhancement if defendant "maintained a premises for the purpose of manufacturing or distributing a controlled substance". Little asserts the "primary purpose" of maintaining his residence was as a family home. Nevertheless, for the Guideline § 2D1.1(b)(12) enhancement to apply, the drug-related activity "need not be the sole purpose for which the premises was maintained". U.S.S.G.

§ 2D1.1(b)(12), cmt. n.17; *see also United States v. Carrillo*, 689 F. App'x 334, 335 (5th Cir. 2017).

Along that line, Little presented no evidence to rebut the assertions in the presentence investigation report (PSR), which was adopted by the district court. Those assertions were corroborated by information provided to law enforcement by those familiar with drug transactions involving Little: that a principal purpose of the premises was drug distribution. In the light of the unrebutted PSR, *see United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013), and the record as a whole, the court did not clearly err in applying the enhancement. *See United States v. Benitez*, 809 F.3d 243, 250 (5th Cir. 2015); *Haines*, 803 F.3d at 744.

AFFIRMED.